**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. CV-25-04681-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| UNUM Life Insurance Company of America, | |
| Defendant. | |

At issue is Plaintiff John Doe's Motion for Leave to Proceed Under a Pseudonym (Doc. 2). In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Courts should consider factors such as "the severity of the threatened harm," "the reasonableness of the anonymous party's fears," and "the anonymous party's vulnerability to such retaliation." *Id*. Courts "must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured to as to mitigate that prejudice." *Id.* (addressing a request to proceed anonymously in a case of threatened retaliation). Finally, courts "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*.

First, Plaintiff alleges that he is a complex commercial litigator suffering from long-haul COVID and autoimmune disorders that have rendered him eligible for benefits under

|     |     |
| --- | --- |
| 1   | a long-term disability policy and individual disability income policy. (*Id*. at 1; *see also* |
| 2   | Doc. 1.) Plaintiff currently works part-time "by handling limited clients and working |
| 3   | limited hours under the direction of his physician." (Doc. 2 at 4.) Plaintiff argues that he |
| 4   | would be embarrassed and financially harmed if his identity was made public in light of |
| 5   | his medical conditions. According to Plaintiff, public knowledge of his medical conditions |
| 6   | could "jeopardize his ability to continue practicing and to obtain new clients and expose |
| 7   | weaknesses to opposing parties." (*Id*. at 6.) Insofar as this case allegedly turns on sensitive |
| 8   | medical records that, according to Plaintiff, would impede his livelihood, the Court finds |
| 9   | that Plaintiff's fear of embarrassment and financial harm is reasonable. However, the Court |
| 10  | makes no finding as to the severity of the threatened harm because Plaintiff presents no |
| 11  | credible evidence that potential clients, opposing parties, or the public would, or is likely |
| 12  | to, cast embarrassment or destitution upon Plaintiff based on his medical conditions. |
| 13  | Second, Plaintiff argues that the "public has no legitimate interest in connecting |
| 14  | Plaintiff's real name to the extremely private medical facts that the Court will need to |
| 15  | consider in this case." (*Id*. at 3.) He asserts the public would be benefitted by allowing |
| 16  | Plaintiff to proceed anonymously because he will not be discouraged from openly litigating |
| 17  | the sensitive medical issues underlying his claims. (*Id*. at 3–4.) At this early stage, the Court |
| 18  | finds that Plaintiff's anonymity would not "obstruct the public's view of the issues joined |
| 19  | or the court's performance in resolving them" because his medical information from which |
| 20  | the operative issues arise would be publicly available, even if not connected to his identity. |
| 21  | *Advanced Textile Corp.*, 214 F.3d at 1068–69 (*quoting Doe v. Stegall*, 653 F.2d 180, 185 |
| 22  | (5th Cir. 1981)). |
| 23  | Lastly, Plaintiff contends that Defendant will suffer no prejudice if he proceeds |
| 24  | anonymously in this action because Defendant is aware of his identity through the group |
| 25  | policy and claim numbers contained in Plaintiff's Complaint. (Doc. 2 at 2.) The Court has |
| 26  | not yet heard from Defendant because service has not been completed. Still, given the |
| 27  | identifying information located in the Complaint, the Court finds that, Defendant is not |
| 28  |     |

prejudiced by Plaintiff's use of a pseudonym at this stage. The Court will provide Defendant an opportunity to object to Plaintiff's use of a pseudonym after it is served.

The public has a "common law right of access to judicial proceedings." *Advanced Textile Corp.*, 214 F.3d at 1067. Still, Plaintiff's interest in preserving his anonymity outweighs the public's interest and does not prejudice Defendant at this early stage of the proceedings. Accordingly, Plaintiff may proceed under a pseudonym for the course of pretrial proceedings, and all filings to the Court shall refer to Plaintiff as "Plaintiff" or "John Doe." No later than fourteen days after service, Defendant may file an objection to Plaintiff's use of a pseudonym, to which Plaintiff may file a reply.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Leave to Proceed Under a Pseudonym (Doc. 2). Plaintiff may proceed under a pseudonym for the course of pretrial proceedings, and all filings to the Court shall refer to Plaintiff as "Plaintiff" or "John Doe."

**IT IS FURTHER ORDERED** that, no later than fourteen days after service, Defendant may file an objection to Plaintiff's use of a pseudonym, to which Plaintiff may file a reply.

Dated this 5th day of January, 2026.

Honorable John J. Tuchi
United States District Judge